BRIGGS IRON COMPANY *vs.* HENRY W. RICHARDSON.

Under a written contract of sale of all the wood and timber standing or fallen on a certain lot, with the right to enter, and to cut and remove the wood and timber within a specified time, for the sum of $3000, for $500 of which the purchaser gave his note with surety, and for $2500 of which he gave his note without surety, with stipulations, in the contract, that the purchaser "shall have no right to remove from said lot any wood or timber so cut by him beyond the value of $500 worth, until the value of the same shall be paid," "but all wood and timber so cut beyond the first $500 in value shall be and remain the property" of the vendor, until the value thereof shall have been paid as aforesaid, the purchaser may remove at once wood and timber the value of which while standing, and before he has expended any labor upon the same, is $500.

TORT for the conversion of one hundred cords of hemlock bark.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiffs, being owners of a lot of woodland known as the Gore lot, entered into the following contract with Truman T. Whipple :

" This agreement, made this tenth day of March A. D. 1860, witnesseth, that the Briggs Iron Company of Lanesboro do hereby sell to Truman T. Whipple, of Lanesboro, all the wood and timber now standing or fallen on a certain tract of land situate in Dalton, known as the Gore lot ; the said Whipple to have the right to enter upon said lot and cut and carry away said wood and timber at any time within six years from the date hereof, but not afterward, under the following restrictions, viz : Whereas, said Whipple has this day paid in a note signed by him and Stephen S. Whipple the sum of five hundred dollars in part for the privileges granted in this agreement, and has given to said company, in addition, his two notes for twelve hundred and fifty dollars each, one payable in one year and the other in two years from date, with interest annually, now it is stipulated that said Whipple shall have no right to remove from said Gore lot any wood or timber so cut by him beyond the value of five hundred dollars' worth until the value of the same shall be paid to said company and indorsed on said notes in part payment thereof ; but all wood and timber so cut beyond

the first five hundred dollars in value shall be and remain the property of said company until the value thereof shall have been paid as aforesaid."

Under this contract, Whipple entered upon the lot and cut down and carried away a quantity of wood and timber, respecting the whole amount of value of which there was conflicting evidence, and sold to the defendant forty-five cords of bark from the lot. The note for $500 was paid at its maturity, in thirty days from date, but the other two notes were still wholly unpaid. The judge instructed the jury that Whipple had a right under his contract to cut down and carry away wood and timber, the value of which, while standing, and before he had expended any labor upon them, was $500, and that the plaintiffs were not entitled to recover in this action without proving that the bark in controversy was taken away from the land by Whipple after he had taken that amount.

Upon this ruling, the plaintiffs submitted to a verdict for the defendant, and alleged exceptions.

*J. D. Colt & T. P. Pingree, Jr.*, for the plaintiffs. It was competent for the plaintiffs to secure themselves by a stipulation that all the wood and timber to the value of only $500, after it was cut, should be removed. The language of the contract is precisely to this effect. If it was the intent of the parties to secure the two notes by the added labor of Whipple, it would have been impossible to do it by terms more apt than those used in this contract. The stipulation into which they entered will bear no other construction.

*H. L. Dawes*, (*J. N. Dunham* with him,) for the defendant.

BIGELOW, C. J. The construction given to the contract, on which the rights of the parties depended, by the judge who presided at the trial, seems to us to be correct. The object of the stipulation by which the vendee under the contract was restricted from removing from the premises wood which had been cut by him to an amount exceeding $500, until the value thereof was paid, was to secure to the plaintiffs the payment of the residue of the purchase money before the wood should be taken from their possession and control. This purpose would be fully

answered by a restriction which prevented the defendant from the removal of so much as was equivalent to the amount remaining due under the contract estimated at its value when standing, and before the labor of the purchaser had changed its character and added to the price which it would bring in the market. The parties did not intend that the vendor should gain additional security for the purchase money by the labor expended by the vendee, but only that he should retain that which he had agreed to sell until its proportional value, in the condition in which it was sold, should be paid by the vendee. In other words, the wood which was on the premises at the time the contract of sale was made, was to be delivered as it was paid for, according to the proportion which the payments made bore to the whole amount of the purchase money, that is, if one half was paid, the vendee was to remove half of the wood sold, and so in a greater or less proportion. The construction for which the plaintiffs contend would operate oppressively on the purchaser, because by it he would be compelled to leave in the plaintiffs' possession not only the full value of that which he had purchased, but also the cost or value of his own labor and that of his servants which had been added to the wood and timber in cutting it and preparing it for market. We cannot think that such was the intention of the parties.

The phrase in the contract, that the " wood so cut " shall remain the property of the plaintiffs until the value shall have been paid, is not inconsistent with the interpretation which we put on the contract. These words are used only to designate the subject matter to which the stipulation refers, not to fix or limit the proportion which the vendee should have a right to remove.                    *Exceptions overruled.*